UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BURMAGUL ERKEBAEVA,

        Petitioner,

        Case No. 1:26-cv-518

v.

        Honorable Jane M. Beckering

ROBERT LYNCH et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.  Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.23.)

In an Order entered on February 19, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 23, 2026 (ECF No. 4), and Petitioner filed her reply on February 26, 2026 (ECF No. 6).

## II.     Factual Background

Petitioner is a native Krgyzstan and citizen of Russia. (Pet., ECF No. 1, PageID.3; Notice to Appear (NTA), ECF No. 4-1, PageID.60.) Petitioner applied for admission into the United States on February 8, 2023, at the Hidalgo Port of Entry in Hidalgo, Texas. (Pet., ECF No. 1, PageID.3; NTA, ECF No. 4-1, PageID.60.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-1, PageID.63.) DHS then paroled Petitioner into the United States for a period of one year. (Form I-213, ECF No. 4-2, PageID.66.) Petitioner was issued an I-94 form which stated that her parole would expire on February 7, 2024. (I-94, ECF No. 1-2, PageID.28.) Petitioner subsequently filed an application for asylum, which remains pending. (Pet., ECF No. 1, PageID.3.)

On October 15, 2025, ICE agents arrested Petitioner when Petitioner appeared for her scheduled ICE check-in. (*Id.*) Petitioner then filed her first § 2241 petition challenging her detention without a bond hearing in *Erkebaeva v. Noem*, 1:25-cv-1891 PageID.77 (W.D. Mich.) (*Erkebaeva I*). In *Erkebaeva I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. *Erkebaeva I*, ECF Nos. 5, 7 (W.D. Mich. Jan. 20, 2026).

On January 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Report, *Erkebaeva I*, ECF No. 8-1 (W.D. Mich. Jan. 28, 2026). At that hearing, the immigration judge denied Petitioner bond because Petitioner "failed to show she is not a flight risk." (*Id.*) Petitioner then filed a motion for reconsideration, presenting additional evidence, including a new sponsor. (Pet., ECF No. 1, PageID.4.)

On February 2, 2026, the immigration judge denied Petitioner's request for a subsequent bond hearing, concluding that Petitioner "failed to show a material change in circumstances justifying a second bond hearing." (Immigration Judge Order, ECF No. 4-3, PageID.68.)

### III. Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition on ground of jurisdiction, exhaustion, and on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich.

3

Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director, the Acting Director of ICE, and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence within five business days of the date of this Judgment and with notice to the Parties as soon as practicable, no later than 24 hours before the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Attorney General as a Respondent.

Dated: February 27, 2026              /s/ Jane M. Beckering
                                      Jane M. Beckering
                                      United States District Judge