UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BURMAGUL ERKEBAEVA,

                Petitioner,               Case No. 1:26-cv-518

v.                                Honorable Jane M. Beckering

ROBERT LYNCH et al.,

                Respondents.

_____/

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on February 27, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of this Judgment, or, in the alternative, immediately release Petitioner from. (Op. & J., ECF Nos. 7, 8.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.)

On March 6, 2026, Respondents filed a status report, indicating that a § 1226 bond hearing had been held on March 5, 2026, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.) Thereafter, on March 15, 2026, Petitioner filed a "motion for

enforcement," in which Petitioner asks this Court to order her immediate release from custody. (ECF No. 19.) In support of Petitioner's request for immediate release, Petitioner argues (i) that the bond hearing did not comply with the Court's Opinion and Judgment because the Government did not satisfy the burden of demonstrating dangerousness or flight risk by clear and convincing evidence; and (ii) that the denial of bond "rested on a factually erroneous premise." (*Id.*, Page 108.)

Although Petitioner is free to challenge the constitutionality of the § 1226 bond hearing, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and were not addressed by the Court's February 27, 2026 Opinion and Judgment. Therefore, the Court denies Petitioner's request for immediate release, as set forth in Petitioner's motion for enforcement (ECF No. 10). If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the § 1226 bond hearing that was on January 2, 2026, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:    March 18, 2026                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge